PRATT v. CANFIELD, *Appellant.*

**Linn County Court of Common Pleas;** APPEAL: SUPERSEDEAS
BOND: STAY OF EXECUTION. By the act establishing the Linn coun-
ty court of Common Pleas, (Sess. Acts 1867, p. 93), the circuit court
is invested with appellate jurisdiction in cases arising in the com-
mon pleas, but it is provided that no appeal to the circuit court
shall operate a stay of execution or other proceedings in the com-
mon pleas. A defendant having appealed from the judgment of the
latter court to the circuit court, and from a judgment of affirmance
there to the Supreme Court, gave a supersedeas bond to stay the ex-
ecution of the judgment of the circuit court, as provided by the
general law in relation to appeals, (Wag. Stat., p. 1069, § 45). Pend-
ing this appeal the plaintiff caused an execution to issue from the
common pleas on the judgment there. On motion to quash, *Held,*
that plaintiff was not entitled to the execution until the determina-
tion of the appeal in the Supreme Court.

*Appeal from Linn Court of Common Pleas.*—HON. THOMAS
WHITAKER, Judge.

*Charles L. Dobson* for appellant.

*S. P. Huston* for respondent.

HENRY, J.—The plaintiff obtained a judgment in the
Court of Common Pleas of Linn county, from which de-
fendant appealed to the circuit court of said county, where
said judgment was affirmed, and defendant prosecuted an
appeal to this court, and pending the cause in this court,
plaintiff caused an execution to issue from the Common
Pleas Court on the judgment there. Defendant filed his
motion in said Common Pleas Court to quash said execu-
tion, which the court overruled, and from the judgment of
the court overruling said motion, defendant has appealed
to this court.

By section 15 of the act establishing the Linn County
Court of Common Pleas, (Sess. Acts 1867, page 94) it is
provided that "the circuit court of Linn county shall have
superintending control over the said Common Pleas Court,

and appellate jurisdiction from its final judgments and decisions, by appeal or writ of error, which shall be allowed and prosecuted in the same manner, and with the effect prescribed by law in cases of appeal, or writ of error from the circuit to the district court, but no appeal shall in any case operate as a supersedeas, or stay of execution, or other proceeding on the judgment or decision of said Court of Common Pleas." By the 5th section of the act, appeals or writs of error were also allowed from that court to the district court. The party who felt aggrieved by, could appeal from the judgment of that court, either to the circuit or district court, and now to the Supreme Court.

Plaintiff's counsel contend that under the 15th section plaintiff had a right to an execution, notwithstanding the appeal from the judgment of the circuit court to this court. Section 45, page 1069, Wag. Stat., provides that upon an appeal being made, the circuit court shall make an order allowing the appeal, and the allowance thereof shall stay the execution when the appellant or some responsible person for him together with two sufficient securities, to be approved by the court, shall, during the term, at which the judgment appealed from was rendered, enter into a recognizance to the adverse party, &c. This provision was complied with when the defendant appealed from the judgment of the circuit court, and that entitled him to a stay of the execution on the judgment of the Court of Common Pleas. There w no other execution to stay. The circuit court, if its judgment had not been appealed from, could have issued no execution, but would have remanded the cause to the Common Pleas Court, which would then have proceeded to enforce its judgment. Counsel ask " how is the Common Pleas Court to take judicial notice of the appeal from the circuit court to the Supreme Court?" The answer is, not at all, but the plaintiff who sues out the execution is necessarily aware of the appeal, and when the motion to quash was made, the Common Pleas Court was made acquainted with that fact in a legal manner, and

should have quashed the execution. That the court had no notice of the existence of a fact which deprived the plaintiff of the right to an execution, and of which he was fully aware, is no reason why, when the knowledge of that fact was regularly and legally communicated to the court, the court should continue in being its process of which an improper use was sought to be made. If a defendant pay off a judgment and afterwards the plaintiff cause an execution to issue on the judgment, will it be contended that because the court cannot take judicial notice of the payment of the debt, it cannot quash the execution when the fact is made to appear? The court can always quash its process when improperly issued, whether the facts which show that it was improperly issued appear upon the record or be disclosed by evidence.

The judgment is reversed and the costs of this appeal adjudged against the plaintiff in the execution. All concur except SHERWOOD, C. J., not sitting.

REVERSED.